UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT DILLARD JONES,

                Plaintiff,                3:14-cv-84
                                                  (GLS/DEP)

       v.

PHELPS CORPORATION et al.,

                Defendants.
_____

## SUMMARY ORDER

Plaintiff *pro se* Robert Dillard Jones filed the instant action against defendants Phelps Corporation and Russell Phelps, alleging that his constitutional rights were violated during a foreclosure proceeding in New York State Supreme Court in Broome County. (Compl., Dkt. No. 1.) Pending is Jones' motion for an order to show cause seeking a temporary restraining order and/or preliminary injunction to enjoin the defendants from "unlawful foreclosure auction sale[1] of 322 Main Street, Binghamton, New York . . . scheduled for February 7, 2014." (*Id*. at 1.) For the reasons that follow, Jones' complaint is dismissed with leave to amend, and his motion is denied as moot.

---

[1] Pursuant to a June 11, 2012 order of Supreme Court. (Dkt. No 1, Attach. 3 at 7.)

"Courts have an obligation to ensure that they have subject matter jurisdiction." *Sharpe v. Med. Malpractice Ins. Ass'n*, 1 F. App'x 74, 75 (2d Cir. 2001). "[A] challenge to subject matter jurisdiction cannot be waived and may be raised *sua sponte* by the district court." *Alliance of Am. Insurers v. Cuomo*, 854 F.2d 591, 605 (2d Cir. 1988).

Jones contends that the court has federal question subject matter jurisdiction in this section 1983 civil rights action pursuant to 28 U.S.C. § 1331.[2] (Compl. at 3.) "In order to state a claim under [42 U.S.C.] § 1983," as Jones seeks to do, "a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002). Jones, however, names Phelps Corporation and Russell Phelps, both private parties, as the sole defendants, and does not suggest that they acted under color of state law. (Compl.); *Jenkins v. Murphy*, 356 F. App'x 500, 500 (2d Cir. 2009); *see also Dolan v. Fairbanks Capital Corp.*, No. 03-CV-3285, 2005 WL 1971006, at *7 (E.D.N.Y. Aug. 16, 2005) ("Foreclosure proceedings do not

---

[2] Jones has not pled facts sufficient for this court to exercise diversity jurisdiction in this matter. (*See, e.g.*, Compl.) Jones also states that the court has jurisdiction based on "Civil Rights Statutes" and Federal Rule of Civil Procedure 65. (*Id*. at 3.)

2

constitute state action for purposes of section 1983."). While this finding appears to support dismissal for lack of subject matter jurisdiction, there is conflicting precedent as to whether failure to allege state action in a section 1983 action is a jurisdictional or substantive defect. *Compare Jenkins*, 356 F. App'x at 500, *with Dellefave v. Access Temps., Inc.*, 37 F. App'x 23, 26 (2d Cir. 2002). Accordingly, while it is unclear whether Jones' failure to allege state action is a jurisdictional or substantive defect, dismissal is appropriate.

However, "[a] *pro se* complaint is to be read liberally and should not [be] dismiss[ed] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of N.Y.*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted). Despite this liberal standard, "leave to amend is not necessary when it would be futile." *Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013). Because the court is unable to conclude that amendment here would be futile, Jones' complaint is dismissed with leave to amend, if he should so choose, within **thirty (30) days** of the filing of this Summary Order. If Jones fails to file an amended complaint within the thirty-day-period provided, the Clerk will close this

3

case without further order of the court.

Accordingly, it is hereby

**ORDERED** that Jones' complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that Jones may, if he should so choose, file an amended complaint within **thirty (30) days** of the filing of this Summary Order; and it is further

**ORDERED** that if Jones fails to file an amended complaint within the thirty-day-period provided, the Clerk is directed to close this case without further order of the court; and it is further

**ORDERED** that Jones' pending motion for a temporary restraining order and/or preliminary injunction (Dkt. No. 2) is **DENIED** as moot; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

February 3, 2014
Albany, New York

*/s/ Gary L. Sharpe*
Gary L. Sharpe
Chief Judge
U.S. District Court