UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT DILLARD JONES,

              Plaintiff,              3:14-cv-84
                                                (GLS/DEP)
        v.

PHELPS CORPORATION et al.,

              Defendants.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFF:**<br>Robert Dillard Jones<br>Pro Se<br>P.O. Box 652<br>Binghamton, NY 13905 | |
| **FOR THE DEFENDANTS:**<br>*Phelps Corporation*<br>Lachman, Gorton Law Firm<br>P.O. Box 89<br>1500 East Main Street<br>Endicott, NY 13761-0089 | RICHARD F. MIHALKOVIC,<br>ESQ.<br>PETER A. GORTON, ESQ. |

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

    Plaintiff *pro se* Robert Dillard Jones commenced this action pursuant

to 42 U.S.C. § 1983 against defendants Phelps Corporation and Broome

County,[1] alleging that defendants violated his Fourth, Fifth, and Fourteenth Amendment rights, along with a New York common law claim of "tortious interference or intentional interference" with Jones' contractual obligations. (Am. Compl., Dkt. No. 5.)  Pending is Jones' motion for a preliminary injunction and/or temporary restraining order[2] to enjoin a New York state court ordered foreclosure sale of Jones' real property located at 322 Main Street in Binghamton, New York ("322 Main Street") and to enjoin Phelps Corporation from enforcing the state court foreclosure judgment.[3]  (*Id.*; Dkt.

---

[1] Broome County has not yet made an appearance in this action.

[2] Although it is captioned as a "Notice of Motion for Permissive Joinder of Parties," Jones also seeks a temporary restraining order and/or injunctive relief.  (Dkt. No. 4.)  As such, the court construes Jones' motion as both a motion for joinder and a motion for a temporary restraining order and/or a preliminary injunction.

[3] The court notes that this is Jones' second request for emergency relief in this action.  Initially, on January 27, 2014, Jones filed a "Complaint Pursuant for Order to Show Cause for Temporary Restraining Order and Preliminary Injunction Order" against Phelps Corporation and Russell Phelps, CEO of Phelps Corporation, alleging that his constitutional rights were violated during a foreclosure proceeding in New York Supreme Court in Broome County.  (Dkt. No. 1.)  Jones named only Phelps Corporation and Phelps, both private parties, as defendants, and Jones otherwise failed to allege state action.  (*Id.*)  Consequently, the court, by Summary Order, dismissed Jones' complaint with leave to amend; by failing to allege state action, his complaint was either jurisdictionally or substantively defective, and therefore, dismissal was appropriate.  (Dkt. No. 3.)

Nos. 4, 8.) Jones further seeks: (1) injunctive relief declaring the state court foreclosure action unlawful and a nullity, (Am. Compl. at 36, 40); and (2) "A Stay Or Order To Show Cause For Preliminary Injunction And Temporary Restraining Order Declaring the Binghamton City Court's Order For Warrant of Eviction Unlawful, (Dkt. No. 8). Also pending is Jones' motion for joinder, seeking to join in the action four tenants residing at 322 Main Street. (Dkt. No. 4; Dkt. No. 4, Attachs. 2-5.) For the reasons discussed below, Jones' motions are denied.

## II. **Background**[4]

The property located at 322 Main Street in Binghamton, New York has a long and protracted history in both New York state and federal courts. Indeed, in addition to the state foreclosure action at issue here, in 2010, 322 Main Street was the subject of a tax foreclosure action commenced by Broome County. *See Jones v. Cawley*, No. 10-CV-0712, 2010 WL 4235400, at *1 (N.D.N.Y. Oct. 21, 2010). Phelps Corporation, the mortgagee, paid the delinquent taxes, and Broome County filed a certificate of redemption, thus ending the tax foreclosure proceeding. *Id.* at

---

[4] The facts are drawn from Jones' amended complaint and presented in the light most favorable to him.

*2. Jones then filed a lawsuit in federal court against, among other defendants, Phelps Corporation, alleging that it committed usury in connection with the mortgage on 322 Main Street. *Id.* (granting defendants' motions to dismiss Jones' complaint).

Here, insofar as the court can discern from Jones' amended complaint, in 2009, Jones defaulted on his mortgage payments to Phelps Corporation. (Am. Compl. ¶¶ 35, 62, 71; Dkt. No. 5, Attach. 1 at 39.) Thereafter, Phelps Corporation commenced an action to foreclose on the mortgage in New York state court, and obtained a judgment of foreclosure on July 11, 2012. (Am. Compl. ¶¶ 2, 3, 20; Dkt. No. 5, Attach.1 at 35-43.) Phelps then held a foreclosure sale on February 7, 2014. (Am. Compl. ¶ 18.) Ultimately, Jones was served with a notice to quit premises, dated February 25, 2014, (*id.* ¶ 85), and, thereafter, eviction proceedings took place in Binghamton City Court, and a warrant of eviction was issued, (Dkt. No. 8 at 8).

Now, Jones attacks the foreclosure judgment and the state court proceedings, claiming that Phelps Corporation "misuse[d] and abuse[d] . . . the state court system in filing a defective and unlawful foreclosure proceeding in state court[] and obtaining [a] favor[able] judgment." (*Id.*

¶¶ 2, 4, 14-16, 36, 40, 42, 66-67.)  Jones also attacks the legality of the warrant of eviction issued by the Binghamton City Court.  (Dkt. No. 8.)

### III.  Discussion

The court discusses Jones' motions for a temporary restraining order and/or preliminary injunction and his motion for permissive joinder of parties, and their respective standards of review, in turn below.

### A. Motion for a Temporary Restraining Order and/or Preliminary Injunction

"[P]reliminary injunctive relief is an extraordinary remedy and should not be routinely granted."  *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986). "In most cases, to warrant the issuance of a preliminary injunction, a movant must show (a) irreparable harm and (b) either (1) a likelihood of success on the merits of the claim or (2) sufficiently serious questions going to the merits, and a balance of hardships tipping decidedly in favor of the moving party."  *Phelan v. Hersh*, No. 9:10-CV-0011, 2010 WL 277064, at *5 (N.D.N.Y. Jan. 20, 2010) (citing *D.D. ex rel. V.D. v. N.Y.C. Bd. of Educ.*, 465 F.3d 503, 510 (2d Cir. 2006)).

Upon review of Jones' amended complaint, the court finds that he has failed to establish that his claims are likely to succeed on the merits, or, at a minimum, that there exist any substantial questions going to the merits

of his claims. Rather, Jones' claims are likely precluded by the *Rooker-Feldman* doctrine, which provides that the Supreme Court is the only federal court authorized to exercise appellate jurisdiction over state court judgments. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 185 (2d Cir. 1999) ("The *Rooker-Feldman* doctrine also bars federal courts from considering claims that are 'inextricably intertwined' with a prior state court determination." (citation omitted)); *Dunn v. Deutsche Bank Nat'l Trust Co.*, No. 5:11-CV-712, 2011 WL 4809954, at *3 (N.D.N.Y. Oct. 11, 2011) (citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414-16 (1923)).

In essence, the *Rooker-Feldman* doctrine bars "what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). The Second Circuit has outlined four requirements for determining whether this doctrine applies: (1) the plaintiff now in federal court must have lost in state court; (2) the injuries of which the plaintiff complains must have been caused by a state court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and

(4) the state court judgment must have been rendered before the district court proceedings commenced.  See *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) (citations omitted).

Here, the *Rooker-Feldman* doctrine likely applies: (1) Jones lost in state court, having suffered a state court foreclosure judgment; (2) Jones complains of injuries caused by that judgment; (3) Jones asks the court to declare the state court foreclosure judgment a nullity and enjoin enforcement of the state court's orders; and (4) the state court judgment was rendered over one year before these proceedings were commenced. *See Dunn*, 2011 WL 4809954, at *3; *Feinstein v. Chase Manhattan Bank*, No. 06 CV 1512, 2006 WL 898076, at *2 (E.D.N.Y. Apr. 5, 2006) ("Courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the *Rooker-Feldman* doctrine.").

The court notes that the *Rooker-Feldman* doctrine implicates the court's subject matter jurisdiction.  *See Done v. Wells Fargo, N.A.*, No. 12-CV-04296, 2013 WL 3785627, at *5-7 (E.D.N.Y. July 18, 2013).  While the court is mindful that courts have an independent obligation to ensure they have subject matter jurisdiction, *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999), the court is also cognizant that submissions of *pro se*

7

plaintiffs should be held "to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

Accordingly, at this juncture, absent a motion from defendants and a fuller record, the court declines to dismiss Jones' complaint, and instead denies his motion for a temporary restraining order and/or preliminary injunction for failure to establish a likelihood of success on the merits.[5]

**B.     Motion For Joinder**

Jones also seeks to join four tenants of 322 Main Street in the action. (Dkt. No. 4.)  In deciding whether to permit joinder of parties, courts apply the "'same standard of liberality afforded to motions to amend pleadings under Rule 15.'"  *Soler v. G & U, Inc.*, 86 F.R.D. 524, 528 (S.D.N.Y. 1980) (quoting *Fair Hous. Dev. Fund Corp. v. Burke*, 55 F.R.D. 414, 419 (E.D.N.Y. 1972)); *accord Zheijiang Zec Import & Export Co. v. J.C. Sussman, Inc.*, No. 08 Civ. 4192, 2009 WL 3786470, at *1 (S.D.N.Y. Nov. 12, 2009).  "A district court has considerable discretion in determining whether additional parties should be included in a pending action."  *Soler*,

---

[5] Because the warrant of eviction was a direct result of the state foreclosure action, Jones' request for emergency relief regarding the warrant of eviction, (Dkt. No. 8), is also denied.  *See Doherty v. Suffolk Cnty.*, No. No. 13-CV-6782, 2013 WL 6910334, at *3-4 (E.D.N.Y. Dec. 30, 2013).

86 F.R.D. at 528. As with Rule 15 amendments, joinder may be denied as futile if the proposed pleading would not withstand a motion to dismiss. *See Dzwonczyk v. Hurd*, No. 5:13-cv-190, 2013 WL 2285391, at *3 (N.D.N.Y. May 23, 2013).

Here, joinder would be futile because, even with the four proposed plaintiffs who were not parties to the state court foreclosure action, Jones' claims would likely still be barred by the *Rooker-Feldman* doctrine. *See Rottier v. Paz*, No. 12 Civ. 1324, 2013 WL 30686, at *4 (S.D.N.Y. Jan. 3, 2013) (noting that, even though the federal plaintiff was not formally a party to the challenged state court proceedings, there was sufficient privity between the parties such that the federal plaintiff should be bound by the state lawsuit (citing *Hoblock*, 422 F.3d at 90 ("[A] nonparty can be bound by the results of someone else's litigation when . . . a person, although not a party, has his interests adequately represented by someone with the same interests who is a party." (internal quotation marks and citations omitted)))); *accord Aretakis v. Comm. on Prof'l Standards*, No. 08 Civ. 9712, 2009 WL 1905077, at *6 (S.D.N.Y. July 1, 2009). Accordingly, Jones' motion for joinder, (Dkt. No. 4), is also denied.

## IV. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Jones' motions for joinder and for a temporary restraining order and/or a preliminary injunction (Dkt. Nos. 4, 8) are **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

May 22, 2014
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court