**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ROBERT DILLARD JONES,**

              **Plaintiff,**                    **3:14-cv-84
                                                        (GLS/DEP)**

              **v.**

**PHELPS CORPORATION et al.,**

              **Defendants.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:**<br>Robert Dillard Jones<br>Pro Se<br>9 Lake Avenue<br>Binghamton, NY 13905 | |
| **FOR THE DEFENDANTS:**<br>*Phelps Corporation*<br>Lachman, Gorton Law Firm<br>P.O. Box 89<br>1500 East Main Street<br>Endicott, NY 13761-0089 | RICHARD F. MIHALKOVIC, ESQ.<br>PETER A. GORTON, ESQ. |
| *Broome County, New York Agencies*<br>Broome County Attorney's Office<br>Broome County Office Building<br>60 Hawley Street<br>P.O. Box 1766<br>Binghamton, NY 13902-1766 | ROBERT G. BEHNKE, ESQ. |

**Gary L. Sharpe
Chief Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff *pro se* Robert Dillard Jones commenced this action pursuant to 42 U.S.C. § 1983 against defendants Phelps Corporation and Broome County, New York Agencies, alleging violations of his Fourth, Fifth, and Fourteenth Amendment rights, along with a New York common law claim of "tortious interference or intentional interference" with Jones' contractual obligations. (Am. Compl., Dkt. No. 5.) Pending are defendants' motions to dismiss. (Dkt. No. 15, 18.) For the reasons that follow, the motions are granted.

## II. Background

### A. Facts[1]

As far as the court can discern from his rambling, disjointed amended complaint, Jones defaulted on his mortgage payments to Phelps Corporation; thereafter, Phelps Corporation commenced an action to foreclose on the mortgage in New York state court, and obtained a judgment of foreclosure. (Am. Compl. ¶¶ 2, 3, 20, 35, 62, 71.) Phelps

---

[1] The facts are drawn from Jones' amended complaint and presented in the light most favorable to him. Additionally, the facts recited in the court's May 22, 2014 Memorandum-Decision and Order, (Dkt. No. 10 at 3-5), are incorporated herein.

2

Corporation then held a foreclosure sale on February 7, 2014. (*Id.* ¶ 18.) Ultimately, Jones was served with a notice to quit premises, dated February 25, 2014. (*Id.* ¶ 85.)

B.  **Procedural History**

On January 27, 2014, Jones commenced this action by way of a "Complaint Pursuant for Order to Show Cause for Temporary Restraining Order and Preliminary Injunction Order" against Phelps Corporation and Russell Phelps, CEO of Phelps Corporation, alleging that his constitutional rights were violated during a foreclosure proceeding in New York Supreme Court in Broome County. (Dkt. No. 1.) Because Jones named only two private parties as defendants, and otherwise failed to allege state action, the court, by Summary Order, dismissed Jones' complaint with leave to amend. (Dkt. No. 3.)

On February 28, Jones filed an amended complaint, along with a motion for a preliminary injunction and/or temporary restraining order, seeking to enjoin a New York state court-ordered foreclosure sale and to enjoin Phelps Corporation from enforcing the state court foreclosure judgment. (Dkt. Nos. 4, 5, 8.) Jones further sought to join in the action four of his tenants residing at the property at issue. (Dkt. No. 4; Dkt. No. 4,

3

Attachs. 2-5.) In a Memorandum-Decision and Order, dated May 22, 2014, the court denied Jones' request for emergency relief on the grounds that the claims were likely barred by the *Rooker-Feldman* doctrine, and, therefore, were unlikely to succeed on the merits. (Dkt. No. 10 at 5-8, 10.) The court also denied Jones' request to join additional parties because it would be futile. (*Id.* at 8-9, 10.) Finally, although the court noted that application of the *Rooker-Feldman* doctrine implicates the court's subject matter jurisdiction, the court declined to *sua sponte* dismiss the amended complaint entirely, absent a motion from the defendants and a fuller record. (*Id.* at 7-8.) Thereafter, the now-pending motions were filed. (Dkt. Nos. 15, 17.)

### III. Standard of Review

The standard of review applicable to Fed. R. Civ. P. 12(b)(6) motions is well settled and will not be repeated here. For a full discussion of the standard, the court refers the parties to its decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010). Additionally, "[a] case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d

4

Cir. 2000). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Id.* "[W]hen the question to be considered is one involving the jurisdiction of a federal court, jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998).

## IV. <u>Discussion</u>

In his amended complaint, Jones attacks the foreclosure judgment and the state court proceedings, claiming that the Phelps Corporation "act[ed] under color of state law in obtaining [the] foreclosure judgment," and "misuse[d] and abuse[d] . . . the state court system in filing a defective and unlawful foreclosure proceeding in state court[]." (Am. Compl. ¶¶ 2, 4, 14-16, 36, 40, 42, 66-67.) Jones further alleges that "Broome County . . . caused the deprivation of [his] Constitutional due process of law allowing . . . Phelps Corp[oration] to circumvent New York State Real property Law, Article 8, Section 240." (*Id.* ¶ 75.) Among other things, Jones seeks injunctive relief declaring the state court foreclosure action unlawful and a nullity. (*Id.* at 36, 40.)

Defendants contend, and the court agrees, that Jones' complaint should be dismissed because he essentially seeks appellate review of a state court judgment, which is barred by the *Rooker-Feldman* doctrine.[2] (Dkt. No. 15, Attach. 3 at 3; Dkt. No. 17, Attach. 1 at 2-3.) Pursuant to the *Rooker-Feldman* doctrine, the Supreme Court is the only federal court authorized to exercise appellate jurisdiction over state court judgments. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 185 (2d Cir. 1999) ("The *Rooker-Feldman* doctrine also bars federal courts from considering claims that are 'inextricably intertwined' with a prior state court determination." (citation omitted)); *Dunn v. Deutsche Bank Nat'l Trust Co.*, No. 5:11-CV-712, 2011 WL 4809954, at *3 (N.D.N.Y. Oct. 11, 2011) (citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 414-16 (1923)).

In essence, the *Rooker-Feldman* doctrine bars "what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself

---

[2] Broome County also argues that Jones' claims against it must be dismissed for failure to state a claim. (Dkt. No. 15, Attach. 3 at 4-5.) Indeed, because Jones' amended complaint only alleges, in conclusory fashion and with no factual support, that Broome County deprived him of due process, (Am. Compl. ¶ 75), the court agrees that dismissal of Jones' claims against Broome County for utterly failing to comply with Fed. R. Civ. P. 8(a) is an equally appropriate and alternative basis for dismissal.

violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). The Second Circuit has outlined four requirements for determining whether this doctrine applies: (1) the plaintiff now in federal court must have lost in state court; (2) the injuries of which the plaintiff complains must have been caused by a state court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state court judgment must have been rendered before the district court proceedings commenced. *See Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) (citations omitted).

Here, the *Rooker-Feldman* doctrine applies: (1) Jones lost in state court, having suffered a state court foreclosure judgment; (2) Jones complains of injuries caused by that judgment; (3) Jones asks the court to declare the state court foreclosure judgment a nullity and enjoin enforcement of the state court's orders; and (4) the state court judgment was rendered over one year before these proceedings were commenced. *See Dunn*, 2011 WL 4809954, at *3; *Feinstein v. Chase Manhattan Bank*, No. 06 CV 1512, 2006 WL 898076, at *2 (E.D.N.Y. Apr. 5, 2006) ("Courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the *Rooker-Feldman* doctrine.").

Accordingly, Jones' claims are barred by the *Rooker-Feldman* doctrine, and his amended complaint is dismissed.[3]

### V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Broome County's motion to dismiss (Dkt. No. 15) is **GRANTED**; and it is further

**ORDERED** that Phelps Corporation's motion to dismiss (Dkt. No. 17) is **GRANTED**; and it is further

**ORDERED** that Jones' amended complaint (Dkt. No. 5) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

---

[3] To the extent that Jones alleges state law claims which survive dismissal on *Rooker-Feldman* grounds, the court declines to exercise supplemental jurisdiction over those claims. "In the absence of original federal jurisdiction, the decision of whether to exercise jurisdiction over pendent state law claims is within the court's discretion." *Butler v. LaBarge*, No. 9:09-cv-1106, 2010 WL 3907258, at *3 (N.D.N.Y. Sept. 30, 2010) (citing *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 121-22 (2d Cir. 2006)). When all federal claims have been dismissed before trial, the balance of factors in deciding whether to exercise jurisdiction over remaining state law claims leans toward dismissal. *Kolari*, 455 F.3d at 122. Accordingly, the court declines jurisdiction over any state law claims and they are dismissed from this action.

November 19, 2014
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
Chief Judge
U.S. District Court